INHABITANTS OF the TOWN
OF SEARSPORT

v.

BOARD OF ENVIRONMENTAL
PROTECTION.[1]

Supreme Judicial Court of Maine.

Argued Nov. 12, 1981.

Decided Dec. 17, 1981.

Peter K. Mason (orally), Searsport, for plaintiff.

Cabanne Howard, Asst. Atty. Gen. (orally), Augusta, for defendant.

Before McKUSICK, C. J., ROBERTS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A. R. J.

ROBERTS, Justice.

The Town of Searsport (Town) appeals from a judgment of the Superior Court, Waldo County, affirming the decision of the Board of Environmental Protection (Board) denying payment to the Town from the Solid Waste Subsidy Fund. 38 M.R.S.A. §§ 1311–1315 (Supp.1981). Following a single unannounced inspection of the Town's solid waste facility, the Board found that the Town did not operate its facility in substantial compliance with rules promulgated pursuant to 38 M.R.S.A. § 1304 and thus did not qualify for the subsidy. On the Town's petition to the Board for reconsideration, this determination was reaffirmed.

Although not evident from the record, it became apparent during oral argument that a hearing was held before the Board on the petition for reconsideration. No record of this hearing was preserved for judicial review. Counsel for the Board concedes that maintenance of such a record is required by the Administrative Procedure Act. *See* 5 M.R.S.A. § 9059(2); 38 M.R.S.A. § 345(5). The Town did not assert in any of the proceedings below or on appeal a claim of error based on the failure to make a record of the hearing before the Board. Moreover, it has not suggested how a record of this hearing would strengthen its position on appeal.

1. The caption of this case at the Superior Court level read as follows: Inhabitants of Municipality of Searsport v. State of Maine Department of Environmental Protection. We correct this caption in two respects. First, we substitute Town for Municipality in order to more accurately reflect the nature of Searsport's status as a political entity. Second, we replace the Department of Environmental Protection with the Board of Environmental Protection since the Board has enforcement responsibility with respect to the Act in question.

The sole issue presented before us is whether a departmental rule establishing eligibility upon the basis of a single unannounced inspection of the Town's waste disposal site is a reasonable exercise of the police power.[2] On appeal, the Town asks us to consider a hypothetical set of facts which it says exemplifies how, under the single inspection policy, a single incident of noncompliance could unfairly deprive the municipality of its subsidy. We decline to do so. Rather, we affirm without extended opinion because of the absence of any evidence of record supporting the actual existence of the hypothetical facts or suggesting general compliance by the Town of the rules relating to the operation of the facility. We express no opinion on whether the Board may properly base a final eligibility determination solely upon conditions existing for only a single day. We find nothing in the record before us which indicates that the Board acted on such a basis in this case.

The entry is:

Judgment affirmed.

All concurring.

---

2. The town does not challenge the rules and regulations of the Board governing solid waste management, nor does it challenge the statuto-ry delegation of that rulemaking authority contained in 38 M.R.S.A. § 1304.